■ RAVELL PRODUCTIONS, INC., Appellant-Respondent, v NATHAN L. SEROTA, Respondent-Appellant.—In an action to recover damages for breach of contract and fraud, the plaintiff

appeals from so much of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered January 25, 1990, as, upon granting the defendant's motion pursuant to CPLR 4404 to set aside a jury verdict on the issue of damages against the defendant in the principal sum of $138,000, awarded judgment in favor of the plaintiff in the amount of only $1, and (2) the defendant cross-appeals from so much of the same judgment as is in favor of the plaintiff and against him on the issue of liability.

Ordered that the judgment is affirmed, without costs or disbursements.

On November 26, 1980, the parties entered into an agreement wherein the plaintiff agreed to surrender its restaurant lease in exchange for an option to lease 4,000 square feet on the ground floor of a new building to be erected on that site by the defendant. The agreement provided that the rent for the new premises would be charged at the "going rate". Proposed leases were sent to the plaintiff on April 20 and May 16, 1984. These proposed leases did not contain a floor plan and the first three floors of the building subsequently constructed by the defendant contained a parking garage. By order entered December 22, 1988, the Supreme Court, Nassau County, granted the plaintiff summary judgment on its first cause of action to recover damages for breach of contract on the ground that the proposed leases were void because they did not contain floor plans.

At the subsequent trial on the issue of damages, the jury awarded the plaintiff $138,000. The court set aside the verdict as against the weight of the evidence and awarded judgment in favor of the plaintiff in the amount of $1.

The plaintiff argues that the defendant's cross appeal may not be entertained by this court because the defendant failed to perfect his prior appeal from the order entered December 22, 1988. We note that the appeal from this order was not dismissed for lack of prosecution. CPLR 5501 (a) (1) provides that an appeal from a final judgment brings up for review any nonfinal judgment or order which necessarily affects the final judgment. Therefore, the defendant's appeal from the judgment entered January 25, 1990, brings up for review the order entered December 22, 1988. However, we find that summary judgment was properly granted in favor of the plaintiff on the first cause of action. As the Supreme Court determined, the defendant breached the agreement by failing to tender a valid lease. Additionally, based on the evidence adduced at trial, we

find that the court properly set aside the verdict and directed that the plaintiff be awarded nominal damages.

During the ensuing trial for damages, the Supreme Court charged the jury, *inter alia,* that: "in this case, you are entitled to award the plaintiff as damages, one, the amount by which you find the rental value of the proposed new lease exceeded the rent which plaintiff would have been required to pay as rent under that new lease. And two, the actual and necessary expenses incurred by the plaintiff in preparing for the occupation of the property in a manner contemplated by the parties".

This charge essentially directed the jury to ascertain the loss of the plaintiff's bargain caused by the breach. However, since the agreement provided that the defendant was to offer the plaintiff a lease at the "going rate", the proof was inadequate to establish that the plaintiff suffered loss of bargain damages. Additionally, the plaintiff incurred no expenses in preparing to occupy the premises. Thus, we find that the court properly directed a verdict of nominal damages in favor of the plaintiff.

We have considered the parties' remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Lawrence and Eiber, JJ., concur.